1    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2    JILL M. PIETRINI (Cal. Bar No. 138335)
         jpietrini@sheppardmullin.com
3    PAUL A. BOST (Cal. Bar No. 261531)
         pbost@sheppardmullin.com
4    1901 Avenue of the Stars, Suite 1600
     Los Angeles, California  90067-6017
5    Telephone:   (310) 228-3700
     Facsimile:    (310) 228-3701

6    Attorneys for Plaintiff
     SUMMIT ENTERTAINMENT, LLC
7

8                   UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
10

11   SUMMIT ENTERTAINMENT, LLC,        Case No. CV13-04310-CAS(AJWx)
     a Delaware limited liability company,
12
                  Plaintiff,           COMPLAINT FOR FALSE
13                                     DESIGNATION OF ORIGIN,
         v.                            TRADEMARK INFRINGEMENT,
14                                     TRADEMARK DILUTION, AND
                                       UNFAIR COMPETITION
15   PREFERRED FRAGRANCE, a New
     York Corporation, and DOES 1-10,  DEMAND FOR JURY TRIAL
16   inclusive,

17               Defendants.

18

19        Plaintiff Summit Entertainment, LLC ("Summit"), for its complaint against

20   defendant Preferred Fragrance, Inc. ("Defendant") and Does 1-10, alleges as

21   follows:

22                            **JURISDICTION**

23        1.    This action arises under the trademark and anti-dilution laws of the

24   United States, 15 U.S.C. § 1051, *et seq.*, and under the statutory and common law

25   of unfair competition.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and

26   1338(a) and (b), and § 1367, and 15 U.S.C. § 1121.  This action arises under the

27   laws of the United States and Summit and Defendant are of diverse citizenship and

28

FILED
CLERK, U.S. DISTRICT COURT
JUN 1 4 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1   the claim exceeds $75,000.  28 U.S.C. § 1332.

2       2.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in this case

3   because Summit resides in this District, and on information and belief, Defendant is

4   subject to personal jurisdiction in this District, and/or a substantial part of the

5   events or omissions giving rise to property that is the subject of the action is

6   situated in this District.

7   **PARTIES**

8       3.    Summit is a Delaware limited liability company having its principal

9   place of business in Santa Monica, California.

10       4.    On information and belief, Defendant is a New York corporation,

11   having its principal place of business in Brooklyn, New York, and does business in

12   this District.

13       5.    Defendant is subject to personal jurisdiction in this District because it

14   does business in the District sells the Infringing Goods in this District and Summit

15   was injured in this District.

16       6.    The true names, identities and capacities, whether individual, associate,

17   corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each of them

18   ("the DOE Defendants"), are unknown to Summit at this time, who therefore sues

19   the DOE Defendants by such fictitious names.  When the true names and capacities

20   or participation of the DOE Defendants are ascertained, Summit will amend this

21   complaint to assert the true names, identities and capacities.  Summit is informed

22   and believes and thereon alleges that each of the DOE Defendants sued herein is

23   responsible for the wrongful acts alleged herein, and is therefore liable to Summit

24   in some manner for the events and happenings alleged in this complaint.  Summit is

25   informed and believes and thereon alleges that at all times herein mentioned, the

26   DOE Defendants were and are doing business and/or residing in this District.

27

28

## FACTS

### Summit's Business and Trademarks

7.     Since 1991, Summit and its predecessors have been an active participant in the motion picture industry.  Summit has produced and distributed films and related entertainment products, and has also been involved in motion picture financing, production, and distribution services.

8.     Summit is the producer and distributor of the highly successful *Twilight* motion picture franchise.  Initially, Summit released the extremely successful and popular *Twilight* about a teenage girl, Isabella ("Bella") Swan, who falls in love with a vampire, Edward Cullen.  Bella's other suitor in the film is Jacob Black, a werewolf.  The film was released in the United States on November 21, 2008.  Summit released a second motion picture in the *Twilight* series, *The Twilight Saga:  New Moon* ("*New Moon*"), in the United States on November 20, 2009.  Summit released *New Moon* for sale and rental on digital versatile disc ("DVD") on March 20, 2010.  Summit released a third motion picture in the *Twilight* series, *The Twilight Saga:  Eclipse* ("*Eclipse*"), in the United States on June 30, 2010.  Summit released *Eclipse* for sale and rental on DVD on December 4, 2010.  Summit released *The Twilight Saga:  Breaking Dawn – Part 1* on November 18, 2011.  Summit released the fifth and final motion picture in the series, entitled *The Twilight Saga*: *Breaking Dawn – Part 2* on November 16, 2012.  The motion pictures constituting *The Twilight Saga* series are herein referred to as the "*Twilight* Motion Pictures."

9.     Summit is the owner of the trademark TWILIGHT in block letters, and in a distinctive stylized font (the "Stylized TWILIGHT mark"), the trademark THE TWILIGHT SAGA, and other marks including the term TWILIGHT (collectively the "TWILIGHT Marks").  Summit owns common law rights and federal registrations of BELLA TWILIGHT in Class 14 (Reg. No. 4,222,783), BELLA TWILIGHT in Class 20 (Reg. No. 4,222,784), LUNA TWILIGHT in Class 3 (Reg.

No. 3,929,237), NOX TWILIGHT in Class 3 (Reg. No. 4,173,761), THE
TWILIGHT SAGA in Class 4 (Reg. No. 4,079,451), THE TWILIGHT SAGA in
Class 5 (Reg. No. 4,016,125), THE TWILIGHT SAGA in Class 9 (Reg. No.
4,177,174), THE TWILIGHT SAGA in Class 14 (Reg. No. 4,151,799), THE
TWILIGHT SAGA in Class 16 (Reg. No. 4,177,175), THE TWILIGHT SAGA in
Class 16 (Reg. No. 4,321,492), THE TWILIGHT SAGA in Class 18 (Reg. No.
4,324,927), THE TWILIGHT SAGA in Class 20 (Reg. No. 4,151,800), THE
TWILIGHT SAGA in Class 20 (Reg. No. 4,321,493), THE TWILIGHT SAGA in
Class 21 (Reg. No. 4,165,921), THE TWILIGHT SAGA in Class 21 (Reg. No.
4,335,388), THE TWILIGHT SAGA in Class 24 (Reg. No. 4,151,801), THE
TWILIGHT SAGA in Class 24 (Reg. No. 4,321,494), THE TWILIGHT SAGA in
Class 25 (Reg. No. 4,147,960), THE TWILIGHT SAGA in Class 26 (Reg. No.
4,339,211), THE TWILIGHT SAGA in Class 30 (Reg. No. 4,016,126), THE
TWILIGHT SAGA in Class 41 (Reg. No. 4,175,800), THE TWILIGHT SAGA in
Class 45 (Reg. No. 4,012,682), TWILIGHT in Class 4 (Reg. No. 4,175,905),
TWILIGHT in Class 5 (Reg. No. 3,861,517), TWILIGHT in Class 9 (Reg. No.
3,884,386), TWILIGHT in Class 16 (Reg. No. 4,067,513), TWILIGHT in Class 18
(Reg. No. 3,884,385), TWILIGHT in Class 21 (Reg. No. 4,063,716), TWILIGHT
in Class 25 (Reg. No. 3,944,718), TWILIGHT in Class 26 (Reg. No. 3,867,985),
TWILIGHT in Class 28 (Reg. No. 4,096,676), TWILIGHT in Classes 20 & 24
(Reg. No. 4,109,098), TWILIGHT in Classes 9 & 41 (Reg. No. 4,084,243),
TWILIGHT in Classes 41 & 45 (Reg. No. 3,756,560), TWILIGHT (Stylized) in
Class 5 (Reg. No. 4,239,625), TWILIGHT (Stylized) in Class 9 (Reg. No.
4,175,456), TWILIGHT (Stylized) in Class 9 (Reg. No. 4,268,558), TWILIGHT
(Stylized) in Class 11 (Reg. No. 4,175,208), TWILIGHT (Stylized) in Class 20
(Reg. No. 4,218,172), TWILIGHT (Stylized) in Class 21 (Reg. No. 4,094,221),
TWILIGHT (Stylized) in Class 22 (Reg. No. 4,135,884), TWILIGHT (Stylized) in
Class 24 (Reg. No. 4,103,469), TWILIGHT (Stylized) in Class 25 (Reg. No.

1    4,091,590), TWILIGHT (Stylized) in Class 30 (Reg. No. 4,350,445), TWILIGHT

2    (Stylized) in Class 41 (Reg. No. 4,103,470), TWILIGHT (Stylized) in Class 45

3    (Reg. No. 3,817,079), and TWILIGHT TRACKER in Class 9 (Reg. No.

4    3,793,131).   True and correct copies of these certificates of registration are attached

5    hereto as **Exhibit A**.  Summit also has many additional pending federal trademark

6    applications to register the TWILIGHT Marks for use on various types of goods

7    and services, copies of which are attached hereto as **Exhibit B**.  Summit's Stylized

8    TWILIGHT mark is shown below:

9
10



11        10.    Summit is the owner of the trademark NEW MOON for various goods

12    and services.  Summit owns all common law rights associated with the trademark

13    NEW MOON and the following registrations of NEW MOON:  Reg. No. 4,091,452

14    (Class 3); Reg. No. 4,072,373 (Class 4); Reg. No. 4,072,374 (Class 5); Reg. No.

15    4,129,107 (Class 9); Reg. No. 4,109,278 (Class 14); Reg. No. 4,183,688 (Class 16);

16    Reg. No. 4,094,140 (Class 18); Reg. No. 4,139,476 (Class 20); Reg. No. 4,191,020

17    (Class 21); Reg. No. 4,112,369 (Class 21); Reg. No. 4,198,859 (Class 22); Reg. No.

18    4,099,476 (Class 24); Reg. No. 4,129,108 (Class 25); Reg. No. 4,091,453 (Class

19    26); Reg. No. 4,129,109 (Class 28); Reg. No. 4,091,454 (Class 30); Reg. No.

20    4,091,455 (Class 41); and Reg. No. 3,785,792 (Class 45) (collectively the "NEW

21    MOON Marks").  True and correct copies of the certificates of registrations of the

22    NEW MOON Marks are attached hereto as **Exhibit C**.  Summit also owns a

23    pending application to register NEW MOON for other goods in Class 16 (Serial

24    No. 77/859,329), a true and correct copy of which is attached hereto as **Exhibit D**.

25        11.    Summit has licensed the TWILIGHT Marks and the NEW MOON

26    Marks to third parties to sell various items of merchandise, including fragrance,

27    clothing, carrying bags, cosmetics and other products and services.  Summit's

28    licensees are currently selling a variety of TWILIGHT and NEW MOON

1  merchandise and offering services under the TWILIGHT Marks and NEW MOON

2  Marks throughout the United States.

3      12.   By virtue of the popularity of the *Twilight* Motion Pictures, the

4  significant sales of licensed merchandise, and the significant publicity relating to

5  the *Twilight* Motion Pictures, among other things, Summit's TWILIGHT Marks

6  and NEW MOON Marks have become famous.

7      13.   Summit uses distinctive packaging for its DVDs and licensed

8  merchandise associated with the *Twilight* Motion Pictures.

9      14.   Summit's TWILIGHT Marks, NEW MOON Marks, and packaging

10  associated with the *Twilight* Motion Pictures and merchandise related thereto are

11  collectively referred to as the "Twilight Intellectual Property."

12  **Defendant and Its Infringing Actions**

13      15.   On information and belief, it has come to Summit's attention that

14  Defendant is manufacturing and offering Moonlight Women's Eau De Parfum and

15  Eau De Parfum Spray, Moonlight Ever After Eau De Parfum, and Moonlight Men's

16  Eau De Toilette Spray and gift sets of fragrance and lotions using the mark

17  MOONLIGHT in the same distinctive font and lower-case letters used and owned

18  by Summit and in packaging that evokes and/or draws an association or connection

19  with the *Twilight* Motion Pictures (the "Infringing Goods").  Images showing many

20  of the Infringing Goods are attached hereto as **Exhibit E**.  Below is a comparison of

21  the MOONLIGHT and TWILIGHT stylized marks:

22

23

24   

25

26

27      16.   Defendant's use of MOONLIGHT for its line of personal fragrances,

28  particularly in the same distinctive stylized font and lower-case letters as that used

1   in the *Twilight* Motion Pictures and on almost all officially licensed Twilight

2   merchandise, and Defendant's packaging that is evocative of the *Twilight* Motion

3   Pictures is likely to cause consumers to believe that Summit has approved, licensed,

4   and/or authorized Defendant's use of Summit's Twilight Intellectual Property,

5   when, in fact, Summit has not done so.  Consumers are even more likely to be

6   confused by Defendant's overt use of packaging artwork featuring a moonlit forest,

7   an image which is very similar to and highly reminiscent of that used on

8   promotional materials for the *Twilight* Motion Pictures and officially licensed

9   merchandise.

10        17.    As noted above, Summit has entered into licensing agreements with

11   manufacturers, distributors, retailers and service industry providers for the sale of

12   products and the offering of services derived from the *Twilight* Motion Pictures,

13   including personal fragrances.  All of Defendant's acts and activities described

14   herein were, and continue to be, without prior authorization, permission, or license

15   from Summit.

16        18.    Defendant is also using a bottle that is similar to the shape of the bottle

17   for Summit's IMMORTAL TWILIGHT fragrance and Defendant's various

18   versions of packaging for the MOONLIGHT fragrance appear to track the color

19   palettes for each of the *Twilight* Motion Pictures.  Further, Defendant has combined

20   Summit's TWILIGHT and NEW MOON marks to create the infringing and dilutive

21   MOONLIGHT trademark for use on the Infringing Goods.  These facts add to the

22   intentional behavior of Defendant.

23        19.    On information and belief, after *Twilight* was released and well

24   received by the public, Defendant created and is selling four different versions of its

25   infringing MOONLIGHT fragrance.  True and correct copies of pictures of the

26   Infringing Goods are attached hereto as **Exhibit E**.

27        20.    Summit alleges on information and belief that Summit and its licensees

28   market their *Twilight* Motion Pictures and the associated TWILIGHT-branded

1   goods and services, respectively, to the same consumers to which Defendant

2   markets its Infringing Goods.

3       21.   On February 12, 2013, Summit sent Defendant a letter demanding that

4   it cease and desist any and all infringement of Summit's Twilight Intellectual

5   Property.  A true and correct copy of Summit's February 12, 2013 demand letter to

6   Defendant is attached hereto as **Exhibit F**.

7       22.   On March 18, 2013, Summit sent Defendant a follow-up letter

8   attaching a copy of the cease and desist letter previously sent on February 12, 2013.

9   A true and correct copy of Summit's March 18, 2013, letter to Defendant is attached

10   hereto as **Exhibit G**.

11       23.   On April 10, 2013, Defendant, through its counsel, responded by email

12   to Summit and denied Summit's claims.  Defendant continues to market and sell the

13   Infringing Goods.  True and correct copies from Amazon.com showing the current

14   sale of the Infringing Goods are attached hereto as **Exhibit H**.

15       24.   Defendant has not ceased its unlawful activities, and therefore

16   Defendant continues to infringe and otherwise violate Summit's Twilight

17   Intellectual Property.

18   **FIRST CAUSE OF ACTION**

19   **(False Designation of Origin – 15 U.S.C. § 1125(a))**

20       25.   Summit repeats and realleges each and every allegation of paragraphs 1

21   through 24, above, as though fully set forth herein.

22       26.   Defendant's actions as alleged herein constitute a false designation of

23   origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a).

24       27.   The use of MOONLIGHT in the manner Defendant does and the sale

25   of the Infringing Goods by Defendant constitute a false designation of origin and a

26   false description or representation that wrongfully and falsely designates the

27   Infringing Goods as originating from Summit, or being associated, affiliated or

28   connected with, or approved or sponsored by Summit or with the *Twilight* Motion

Pictures.   Defendant's activities are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Summit, or as to the origin, sponsorship, or approval of Defendant's Infringing Goods or Defendant's commercial activities by Summit.

28.   As a direct and proximate result of Defendant's wrongful acts, Summit has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Defendant will continue to use, unless restrained, the MOONLIGHT mark and sell the Infringing Goods, all of which are confusingly similar to Summit's TWILIGHT Marks and the NEW MOON Marks and likely to be associated with the *Twilight* Motion Pictures.  Such conduct will cause irreparable damage to Summit.  Summit has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of false designation of origin, affiliation,  association, or sponsorship.

29.   Summit is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts.  Summit is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendant's acts of false designation of origin, affiliation, association, or sponsorship.

30.   Summit is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Summit is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of false designation of origin, affiliation, association, or sponsorship.

31.   Because of the willful nature of Defendant's wrongful acts, Summit is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117 and destruction of the Infringing Goods under 15 U.S.C. § 1118.

1    32.    Summit is also entitled to recover its attorneys' fees and costs of suit

2    pursuant to 15 U.S.C. § 1117.

3    **SECOND CAUSE OF ACTION**

4    **(Trademark Infringement – 15 U.S.C. § 1114 and Common Law)**

5    33.    Summit repeats and realleges each and every allegation of paragraphs

6    1 through 32, above, as though fully set forth herein.

7    34.    Defendant has used in commerce, without Summit's permission, the

8    TWILIGHT Marks and the NEW MOON Marks in a manner that is likely to cause

9    confusion with respect to the source and origin of the Infringing Goods and is likely

10   to cause confusion or mistake and to deceive purchasers as to the affiliation,

11   connection, approval, sponsorship, or association of Summit and/or the *Twilight*

12   Motion Pictures with Defendant and the Infringing Goods.

13   35.    Defendant's acts constitute infringement of the TWILIGHT Marks and

14   the NEW MOON Marks in violation of the common law and under 15 U.S.C. §

15   1114.

16   36.    As a direct and proximate result of Defendant's wrongful acts, Summit

17   has suffered and continues to suffer and/or is likely to suffer damage to its

18   trademarks, business reputation, and goodwill.  Defendant will continue to use,

19   unless restrained, the MOONLIGHT mark or other marks confusingly similar to the

20   TWILIGHT Marks and/or the NEW MOON Marks and will cause irreparable

21   damage to Summit.  Summit has no adequate remedy at law and is entitled to an

22   injunction restraining Defendant, its officers, agents, servants, and employees, and

23   all persons acting in concert with Defendant, from engaging in further acts of

24   infringement.

25   37.    Summit is further entitled to recover from Defendant the actual

26   damages that it sustained and/or is likely to sustain as a result of Defendant's

27   wrongful acts.

28   38.    Summit is further entitled to recover from Defendant the gains, profits,

1   and advantages that Defendant has obtained as a result of its wrongful acts.

2        39.    Because of the willful nature of Defendant's wrongful acts, Summit is

3   entitled to an award of punitive damages under the common law, and treble

4   damages and increased profits under 15 U.S.C. § 1117.

5                          **THIRD CAUSE OF ACTION**

6        **(Dilution--15 U.S.C.§ 1125(c); Cal. Bus. & Prof. Code § 14247)**

7        40.    Summit repeats and realleges each and every allegation of paragraphs 1

8   through 39, above, as though fully set forth herein.

9        41.    Summit has used the TWILIGHT Marks and the NEW MOON Marks

10   to identify its products relating to the *Twilight* Motion Pictures before Defendant

11   began promoting and using the Twilight Intellectual Property, or a close

12   approximation thereof, on the Infringing Goods.  The TWILIGHT Marks and the

13   NEW MOON Marks are inherently distinctive and have acquired distinction

14   through Summit's extensive, continuous, and exclusive use of the TWILIGHT

15   Marks and the NEW MOON Marks.

16        42.    The TWILIGHT Marks and the NEW MOON Marks are famous and

17   distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127 and Cal. Bus.

18   & Prof. Code § 14247.

19        43.    Defendant's use of the MOONLIGHT mark in the stylized font used

20   by Summit and use of its packaging evocative of the *Twilight* Motion Pictures is

21   likely to dilute the distinctive quality of Summit's TWILIGHT Marks and the NEW

22   MOON Marks in violation of 15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code §

23   14247.

24        44.    Defendant's acts complained of herein are likely to damage Summit

25   irreparably.  Summit has no adequate remedy at law for such wrongs and injuries.

26   The damage to Summit includes harm to its trademarks, goodwill, and reputation

27   that money cannot compensate.  Summit is, therefore, entitled to a preliminary and

28   permanent injunction enjoining Defendant's use of the MOONLIGHT mark, the

1    TWILIGHT Marks, the NEW MOON Marks, or any marks confusingly similar

2    thereto or dilutive thereof in connection with the promotion, advertisement and sale

3    of any products offered by Defendant.

4         45.    Summit is further entitled to recover from Defendant its actual

5    damages sustained by Summit as a result of Defendant's wrongful acts.  Summit is

6    presently unable to ascertain the full extent of the monetary damages it has suffered

7    by reason of Defendant's acts of dilution.

8         46.    Summit is further entitled to recover from Defendant the gains, profits,

9    and advantages Defendant has obtained as a result of its wrongful acts.  Summit is

10    presently unable to ascertain the extent of the gains, profits and advantages

11    Defendant has realized by reason of Defendant's willful acts of dilution.

12        47.    Because of the willful nature of Defendant's actions, Summit is

13    entitled to all remedies available under 15 U.S.C. §§ 1117 and 1118.

14                        **FOURTH CAUSE OF ACTION**

15              **(Statutory and Common Law Unfair Competition)**

16        48.    Summit repeats and realleges each and every allegation of paragraphs 1

17    through 47, above, as though fully set forth herein.

18        49.    By reason of all of the foregoing and that alleged below, Defendant has

19    been, and is, engaged in "unlawful, unfair or fraudulent business practices" in

20    violation of §§ 17200 *et seq.* of the California Bus. & Prof. Code and acts of unfair

21    competition in violation of the common law.

22        50.    In addition to the other acts alleged herein, Defendant has engaged in

23    unlawful acts by infringing and diluting the TWILIGHT Marks and the NEW

24    MOON Marks and otherwise infringing Summit's Intellectual Property.

25        51.    In addition to the other acts alleged herein, Defendant has engaged in

26    unfair acts by passing off or suggesting its Infringing Goods as being associated,

27    connected, or affiliated with the *Twilight* Motion Pictures and Twilight Intellectual

28    Property, and by using names owned by Summit.

52.    In addition to the other acts alleged herein, Defendant has engaged in fraudulent acts by the actions alleged herein because such actions are likely to deceive consumers and other members of the public.

53.    Summit invested substantial time or money in the development of the Twilight Intellectual Property, and Defendant used the Twilight Intellectual Property to create, market, advertise, and sell the Infringing Goods.  Defendant has appropriated the Twilight Intellectual Property without authorization from Summit.

54.    Defendant's acts complained of herein have damaged and will continue to damage Summit irreparably.  Summit has no adequate remedy at law for these wrongs and injuries.  The damage to Summit includes harm to its Twilight Intellectual Property, goodwill, and reputation in the marketplace that money cannot compensate.  Summit is therefore entitled to:  (a) injunctive relief restraining and enjoining Defendant and its officers, agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using the Twilight Intellectual Property or any mark, name, symbol, or logo which is confusingly similar thereto, in connection with the marketing or sale of any goods or services by Defendant; (b) Summit's actual damages sustained as a result of Defendant's wrongful acts; (c) an accounting of Defendant's profits from the Infringing Goods; (d) the award of Defendant's unjust profits, as well as sums sufficient to compensate Summit for all harm suffered as a result of Defendant's conduct; and (e) punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Summit prays that this Court enter judgment against Defendant as follows:

1.    Finding that Defendant has violated 15 U.S.C. § 1125(a) and the common law, has infringed the TWILIGHT Marks and the NEW MOON Marks under the common law and infringed the TWILIGHT Marks and the NEW MOON

1  Marks under 15 U.S.C. § 1114, has violated 15 U.S.C. § 1125(c)(1) and Cal. Bus.

2  & Prof. Code § 14247, has violated Cal. Bus. & Prof. Code § 17200 and the

3  common law by engaging in unlawful, unfair, and/or fraudulent business practices;

4      2.      Ordering that Defendant and its officers, agents, servants, directors,

5  employees, servants, partners, representatives, assigns, successors, related

6  companies, and attorneys and all persons in active concert or participation with

7  Defendant or with any of the foregoing be enjoined preliminarily during the

8  pendency of this action and permanently thereafter from:

9          a.      Manufacturing, transporting, promoting, importing,

10  advertising, publicizing, distributing, offering for sale, or selling the Infringing

11  Goods or any other goods bearing the MOONLIGHT mark, the TWILIGHT Marks,

12  the NEW MOON Marks, or any other mark, name, symbol, or logo, which is likely

13  to cause confusion or to cause mistake or to deceive persons into the erroneous

14  belief that any goods that Defendant caused to enter the stream of commerce or any

15  of Defendant's commercial activities are sponsored or licensed by Summit, are

16  authorized by Summit, or are connected or affiliated in some way with Summit or

17  the *Twilight* Motion Pictures;

18          b.      Manufacturing, transporting, promoting, importing,

19  advertising, publicizing, distributing, offering for sale, or selling the Infringing

20  Goods or any other goods bearing the TWILIGHT Marks, the NEW MOON

21  Marks,or any other mark, name, symbol, or logo that is a copy or colorable

22  imitation of, incorporates, or is confusingly similar to the TWILIGHT Marks and/or

23  the NEW MOON Marks,including the MOONLIGHT mark;

24          c.      Falsely implying Summit's approval, affiliation,

25  connection, or sponsorship of Defendant's goods or Defendant's commercial

26  activities or engaging in any act or series of acts which, either alone or in

27  combination, constitutes unfair methods of competition with Summit and from

28  otherwise interfering with or injuring the TWILIGHT Marks, the NEW MOON

1   Marks, or the goodwill associated therewith;

2             d.   Engaging in any act which is likely to dilute the

3   distinctive quality of the TWILIGHT Marks or the NEW MOON Marks, and/or

4   injures Summit's business reputation;

5             e.   Representing or implying that Defendant is in any way

6   sponsored by, affiliated with, or licensed by Summit; or

7             f.   Knowingly assisting, inducing, aiding, or abetting any

8   other person or business entity in engaging in or performing any of the activities

9   referred to in paragraphs 2(a) to (e) above.

10        3.   Ordering that Summit is the exclusive owner of the TWILIGHT Marks

11   and the NEW MOON Marks and that such marks are valid and protectable;

12        4.   Ordering that Defendant be required to deliver to Summit for

13   destruction all Infringing Goods, packaging therefor, and/or promotional artwork

14   which bear the MOONLIGHT mark or any other trademarks, names, images logo,

15   or packaging that are confusingly or substantially similar to the TWILIGHT Marks

16   or the NEW MOON Marks or evocative of or draw an association, affiliation, or

17   connection with the *Twilight* Motion Pictures;

18        5.   Granting an award of damages suffered by Summit according to proof

19   at the time of trial;

20        6.   Ordering that Defendant account to Summit for any and all profits

21   earned as a result of Defendant's acts of infringement in violation of Summit's

22   rights under the Lanham Act, Cal. Bus. & Prof. Code §§ 14247, 17200, *et seq.*, and

23   the common law;

24        7.   Granting an award of three times the amount of compensatory

25   damages and increased profits pursuant to 15 U.S.C. § 1117;

26        8.   Granting an award of punitive damages for the willful and wanton

27   nature of Defendant's aforesaid acts;

28        9.   For pre-judgment interest on any recovery by Summit;

1    10.   Granting an award of Summit's costs, expenses, and reasonable

2  attorneys' fees; and

3    11.   Granting such other and further relief as is just and proper.

4                                        Respectfully submitted,

5                                        SHEPPARD MULLIN RICHTER & HAMPTON LLP

6

7  Dated: June 14, , 2013              By:

8                                        Jill M. Pietrini
                                         Attorneys for Plaintiff SUMMIT
9                                        ENTERTAINMENT, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>JURY DEMAND</u>

2    Summit demands a trial by jury of all issues triable by jury.

3                                   Respectfully submitted,

4                           SHEPPARD MULLIN RICHTER & HAMPTON LLP

5

6    Dated:  June 14,  2013         By:

7                                   Jill M. Pietrini
                                    Attorneys for Plaintiff
8                                   SUMMIT ENTERTAINMENT, LLC

SMRH:408321395.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV13- 4310 CAS (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company | PREFERRED FRAGRANCE, a New York Corporation, and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jill M. Pietrini (Cal. Bar No. 138335) Paul A. Bost (Cal. Bar No. 261531) SHEPPARD, MULLIN, RICHTER & HAMPTON LLP 1901 Avenue of the Stars, Suite 1600 Los Angeles, California 90067-6017 Tel: (310) 228-3700, Fax: (310) 228-3701 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
False Designation of Origin – 15 U.S.C. § 1125(a); Trademark Infringement – 15 U.S.C. § 1114 and Common Law; Dilution–15 U.S.C.§ 1125(c); Cal. Bus. & Prof. Code § 14247; Statutory and Common Law Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | **IMMIGRATION** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration | | |

CV13-04310

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc. www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| **Summit Entertainment, LLC – Los Angeles County** | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | **Preferred Fragrance, Inc. – Kings County** |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| **All claims – Los Angeles County** | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Jill Pietrini_  Date **June 14, 2013**

Jill M. Pietrini

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

SMRH:408723800.1

CV-71 (05/08)   CIVIL COVER SHEET   Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com