UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### * AMENDED CIVIL MINUTES - GENERAL

| Case No. | CV 13-4310 CAS (AJWx) | Date | December 4, 2013 |
|---|---|---|---|
| Title | SUMMIT ENTERTAINMENT LLC V. PREFERRED FRAGRANCE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** **(IN CHAMBERS:) MOTION OF WILLIAM THOMASHOWER, SCHWARTZ & THOMASHOWER, THOMAS H. EDWARDS, AND LAW OFFICE OF THOMAS H. EDWARDS TO WITHDRAW AS COUNSEL FOR DEFENDANT PREFERRED FRAGRANCE** (Dkt. #17, filed November 14, 2013)

**(IN CHAMBERS:) PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** (Dkt, #18, filed November 18, 2013)

The Court finds the above-referenced motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 16, 2013, is vacated, and the matter is hereby taken under submission.

### A.   Motion to Withdraw as Counsel

William Thomashower, Schwartz & Thomashower LLP, Thomas H. Edwards, and the Law Firm of Thomas H. Edwards (the "moving parties") move to withdraw as counsel for defendant Preferred Fragrance, Inc. ("Preferred") on the grounds of a conflict of interest. Mot. Withdraw 1. According to the moving parties, Preferred sold all of its assets to Fragrance Acquisitions LLC ("Fragrance") in 2011. Id. at 2. The moving parties have represented Fragrance in numerous matters in recent years. Id. The moving parties have also been retained to represent both Preferred and Fragrance in this action,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# * AMENDED CIVIL MINUTES - GENERAL

| Case No. | CV 13-4310 CAS (AJWx) | Date | December 4, 2013 |
|---|---|---|---|
| Title | SUMMIT ENTERTAINMENT LLC V. PREFERRED FRAGRANCE, ET AL. | | |

although Fragrance is not named as a defendant.[1]  Id. at 2-3.  The moving parties contend that Preferred and Fragrance have recently become adverse parties due to disputes arising over the 2011 asset sale.  Id. at 3.  Plaintiff responds that it does not oppose the moving parties' motion to withdraw.  Opp. Mot. Withdraw 1-4.  However, plaintiff contends that the conflict of interest identified by the moving parties has existed throughout the pendency of this action.  Id.  Plaintiff also contends that the moving parties' motion does not comply with Local Rules 7-3 and 83-2.3.4.  Id. at 4.

      Local Rule 83-2.3.2 allows an attorney to withdraw as counsel only upon leave of court.  If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]."  L. R. 83-2.3.5.  The existence of a conflict of interest ordinarily constitutes sufficient grounds for withdrawal.  Moore v. United States, 2008 WL 1901322, *2 (E.D. Cal. Apr. 28, 2008); cf. Miller v. Alagna, 138 F. Supp. 2d 1252, 1255-58 (C.D. Cal. 2000).  If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney."  L.R. 83-2.3.3.  However, a corporation may not appear in any action or proceeding pro se.  See L.R. 83-2.1.1.3; 83-2.3.4.

      The Court concludes that the moving parties have made a sufficient showing of good cause, and thus hereby GRANTS the motion to be relieved as counsel.  The moving parties are hereby ordered to provide Preferred with notice of the Court's order in accordance with Local Rule 83-2.3.4.  Since Preferred is a corporate entity, and as such may not appear pro se, the moving parties are ordered to inform Preferred that it must retain new counsel within thirty (30) days of the date this order takes effect.  The moving parties shall advise Preferred that its failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or the entry of default.

---

[1] The moving parties state that they have informed plaintiff that, as a result of the 2011 asset sale, Fragrance is the entity which owns and sells the products involved in the instant trademark infringement action.  Mot. Withdraw 2-3.  Plaintiff moved for leave to file an amended complaint on November 18, 2013, that adds Fragrance as a defendant in this action.  Dkt. #18.  As set forth below, the Court is vacating the hearing on that motion, taking the matter under submission, and granting the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4310 CAS (AJWx) | Date | December 4, 2013 |
|---|---|---|---|
| Title | SUMMIT ENTERTAINMENT LLC V. PREFERRED FRAGRANCE, ET AL. | | |

The moving parties shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

### B.     Motion for Leave to File First Amended Complaint

As for plaintiff's motion for leave to file a first amended complaint, dkt. #18, adding Fragrance as a defendant in this action, the Court hereby GRANTS said motion. The First Amended Complaint shall be filed forthwith and deemed filed as of the date of this minute order, and thereafter served on Fragrance.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |