Case 2:13-cv-04310-CAS-AJW   Document 50   Filed 02/10/14   Page 1 of 6   Page ID #:973

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JILL M. PIETRINI (Cal. Bar No. 138335)
  jpietrini@sheppardmullin.com
PAUL A. BOST (Cal. Bar No. 261531)
  pbost@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:  (310) 228-3700
Facsimile:  (310) 228-3701

Attorneys for Plaintiff
SUMMIT ENTERTAINMENT, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PREFERRED FRAGRANCE, INC., a New York Corporation, FRAGRANCE ACQUISITIONS, LLC, a Delaware limited liability company, EZRIEL POLATSEK, an individual, and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-04310-CAS-AJW<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT FRAGRANCE ACQUISITIONS, LLC** |

IT IS HEREBY STIPULATED by and between plaintiff Summit Entertainment, LLC ("Summit") and defendant Fragrance Acquisitions, LLC ("Fragrance Acquisitions") that a Judgment shall be entered to fully and finally dispose of this action as to Fragrance Acquisitions, and that the Judgment be entered against Fragrance Acquisitions as follows:

WHEREAS, Summit is the producer and distributor of the motion picture *Twilight* and its sequels *The Twilight Saga:  New Moon*, *The Twilight Saga: Eclipse*, *The Twilight Saga:  Breaking Dawn – Part 1*, and *The Twilight Saga: Breaking Dawn – Part 2* (collectively, the "*Twilight* Motion Pictures");

-1-

WHEREAS, Summit is the owner of all right, title, and interest in certain intellectual property rights – including trademarks, copyrights, and trade dress rights – related to and/or derived from the *Twilight* Motion Pictures (the "*Twilight* Intellectual Property"), including the federally registered TWILIGHT, stylized TWILIGHT (as depicted immediately below), and NEW MOON trademarks used on and/or in conjunction with a variety of goods and services (the "TWILIGHT and NEW MOON Marks"), as well as other trademarks, copyrights, and protectable trade dress:

*twilight*

WHEREAS, on December 4, 2013, the Court deemed filed Summit's First Amended Complaint [Docket No. 28], through which Summit added Fragrance Acquisitions as a defendant and sought damages and injunctive relief against Fragrance Acquisitions for false designation of origin, trademark infringement, trademark dilution, and unfair competition. Summit alleged that Fragrance Acquisitions' sale of eau de parfum and related products under the MOONLIGHT trademark infringed Summit's rights in the TWILIGHT and NEW MOON Marks;

WHEREAS, Fragrance Acquisitions denies all wrongdoing alleged by Summit in the First Amended Complaint;

WHEREAS, Summit and Fragrance Acquisitions, without any admission of liability on the part of Fragrance Acquisitions, have entered into a Confidential Settlement Agreement dated February 3, 2014 (the "Agreement") with the mutual intention of resolving all disputes between them which arise from the allegations of the First Amended Complaint; and

WHEREAS, this Court has jurisdiction over the subject matter of this controversy pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1338(b);

THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:

1. <u>Permanent Injunction</u>. Fragrance Acquisitions and, as applicable, its past and present officers, directors, servants, employees, representatives, successors, assigns, attorneys and agents, and all persons in active concert or participation with Fragrance Acquisitions or with any of the foregoing, hereby agree to permanently refrain from:

   (a) Manufacturing, transporting, promoting, importing, advertising, marketing, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the TWILIGHT and NEW MOON Marks or any other mark, name, symbol, design, logo, image, or trade dress that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Fragrance Acquisitions caused to enter the stream of commerce are sponsored, licensed, or authorized by Summit, or are connected, associated, or affiliated with Summit or the *Twilight* Motion Pictures;

   (b) Manufacturing, transporting, promoting, importing, advertising, marketing, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the TWILIGHT and NEW MOON Marks or any other mark, name, symbol, design, or logo that is confusingly similar to or a reproduction, counterfeit, copy, or colorable imitation of, or incorporates, the TWILIGHT and NEW MOON Marks;

   (c) Implying Summit's endorsement of any of Fragrance Acquisitions' commercial activities, Fragrance Acquisitions' goods or services, or Fragrance Acquisitions' business, and representing that Summit has endorsed, sponsored, licensed, or approved, or is affiliated or associated with, Fragrance Acquisitions or Fragrance Acquisitions' products or that Fragrance Acquisitions' products are affiliated, associated, or connected with the *Twilight* Motion Pictures;

   (d) Seeking to register any of the TWILIGHT and NEW MOON Marks or any other mark, name, symbol, design, logo, image, or trade dress which is

-3-

likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that the businesses, goods, or services of Fragrance Acquisitions are sponsored or endorsed or authorized by Summit or are connected or affiliated in some way with Summit or the *Twilight* Motion Pictures;

      (e)    Engaging in any act which is likely to dilute the distinctive quality of the TWILIGHT and NEW MOON Marks and/or injures Summit's business reputation; and

      (f)    Knowingly assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in sub-paragraphs (a) through (e), inclusive, above.

    2.    <u>No Admission of Liability</u>. Fragrance Acquisitions does not admit liability for or the validity of any of Summit's claims alleged in the First Amended Complaint, and this Judgment shall not be interpreted as an admission or a determination of wrongful or unlawful conduct by Fragrance Acquisitions.

    3.    <u>Attorneys' Fees and Costs</u>. Each party shall bear its own attorneys' fees and costs arising out of, related to, or incurred in this action, except as provided in the Agreement.

    4.    <u>Violation of Judgment – Contempt of Court</u>. In the event that any part of this Judgment or the obligations set forth in Paragraphs 3 and 7 of the Agreement, respectively, is violated by Fragrance Acquisitions, or by any of its present officers, directors, agents, servants, employees, or representatives, or by any person in active concert and participation with Fragrance Acquisitions that receives notice of this Judgment, Summit may file and serve a motion for contempt seeking damages, attorneys' fees, expert witness fees, and/or other appropriate relief, and Fragrance Acquisitions may oppose such motions as provided by law.

    5.    <u>Violation of Judgment -- Prevailing Party Fees and Costs</u>. In an action or proceeding based upon an allegation that a party has violated this Judgment, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees,

expert witness fees, and other costs incurred in connection with the action or proceeding. This paragraph shall not be construed to limit any party's rights, remedies or procedural options.

6. <u>Binding Effect</u>. This Judgment shall be binding upon and inure to the benefit of the parties and all successors, assigns, officers, directors, members, agents, and other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Judgment by personal service or otherwise.

7. <u>Continuing Jurisdiction</u>. This Court shall retain jurisdiction to enforce this Judgment and the Agreement.

8. <u>No Territorial Limit</u>. This Judgment shall be enforceable against Fragrance Acquisitions for any acts of Fragrance Acquisitions that violate this Judgment that occur inside and/or outside of the United States of America, except to the extent heretofore released.

9. <u>Final Judgment</u>. This Judgment is a final adjudication of all claims alleged or which, limited to the sales reports disclosed by Fragrance Acquisitions to Summit, could have been alleged by Summit in this action against Fragrance Acquisitions, and the parties stipulate that they will not appeal this Judgment.

SO ORDERED.

Date: <u>February 10, 2014</u>

*[signed] Christina A. Snyder*
United States District Court Judge

-5-

*Approved as to content and form:*

SUMMIT ENTERTAINMENT, LLC
*Plaintiff*

By: /S/                          Date: 2/5/14
Name:
Title:


FRAGRANCE ACQUISITIONS, LLC
*Defendant*

By: /S/                          Date: 2/3/14
Name:
Title:


*Approved as to form:*

SHEPPARD MULLIN RICHTER HAMPTON, LLP

By: /S/                          Date: 2/6/14
   Jill M. Pietrini
   *Attorneys for Plaintiff*
   Summit Entertainment, LLC


SCHWARTZ & THOMASHOWER, LLP

By: /S/                          Date: 2/4/14
   William Thomashower
   *Attorneys for Defendant*
   Fragrance Acquisitions, LLC

SMRH:415646939.5