1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   JILL M. PIETRINI (Cal. Bar No. 138335)
3      jpietrini@sheppardmullin.com
   PAUL A. BOST (Cal. Bar No. 261531)
4      pbost@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6055
   Telephone:  (310) 228-3700 / Facsimile: (310) 228-3701
6
   Attorneys for Plaintiff
7

8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
                   WESTERN DIVISION
10

11 | SUMMIT ENTERTAINMENT, LLC, a | Case No. 2:13-cv-04310-CAS-AJW
   | Delaware corporation,
12 |                              | **PROTECTIVE ORDER**
   |            Plaintiff,
13 |                              | Judge:  Hon. Christina A. Snyder
   |      v.
14 |                              | Complaint Filed:  June 19, 2013
   | PREFERRED FRAGRANCE, INC., a
15 | New York corporation, FRAGRANCE | First Amended Complaint Filed:
   | ACQUISITIONS, LLC, a Delaware | December 5, 2013
16 | limited liability company, EZRIEL
   | POLATSEK, an individual, and DOES | Trial Date:  February 10, 2015
17 | 1-10, inclusive,
18 |            Defendants.
19 | ———————————————
   | AND RELATED CROSS-CLAIMS.
20

21

22        Pursuant to FRCP 26(c), it is hereby stipulated and agreed to by and among

23  plaintiff Summit Entertainment, LLC, defendant Preferred Fragrance, Inc.,

24  defendant Ezriel Polatsek, and cross-defendant Fragrance Acquisitions, LLC,

25  through the parties' respective counsel of record, that discovery in, and litigation of,

26  this action (and any further actions among these parties) may involve requests for

27  the production of information and documents that the responding parties consider to

28  be confidential, proprietary or competitively sensitive.  The parties believe that a

1   protective order restricting the use and dissemination of confidential, proprietary,
2   and competitively sensitive information and documents is necessary and appropriate
3   to facilitate discovery and litigation in this action.  The parties also believe that such
4   an order is necessary and appropriate to enable the parties to conduct discovery of
5   non-parties that may have similar concerns regarding their confidential, proprietary
6   or competitively sensitive information and documents.

7         Accordingly, the Court hereby orders the following:

8         1.    Any confidential information or documents produced by or on behalf of
9   any party or non-party as part of discovery in this action may be designated by the
10  producing party(ies) as "Confidential" or "Confidential-Outside Counsel Only"
11  (referred to herein as "Outside Counsel Only") (collectively, "Protected
12  Information").  As a general guideline, any information that is publicly available
13  should not be designated as Protected Information.  A document should be
14  designated "<u>Confidential</u>" when it contains or reflects confidential business
15  information, relating to information which the disclosing party or non-party believes
16  in good faith contains, constitutes or reveals non-public customer lists, financial
17  information relating to sales, pricing, cost, gross revenue and profits for products
18  (whether actual or projected), research and development information, product
19  formulations and analysis, information qualifying as a trade secret, or other
20  information of a confidential, proprietary, private or personal nature.

21        2.    Information or documents designated "<u>Outside Counsel Only</u>" shall be
22  limited to trade secrets as defined by Cal. Civil Code § 3426.1 or marketing plans or
23  strategies, market surveys, business plans, pricing plans, strategic plans, license
24  agreements or negotiations, distribution agreements, manufacturing agreements,
25  manufacturing processes, manufacturing drawings, employee files, merchandising,
26  research and development of products and technical matters not yet released or sold,
27  financial information or projections, including, without limitation, budgets, net
28  worth, identity of shareholders, or other documents relating to total revenue earned,

1  and asset information that is not public knowledge.

2       3.     Protected Information may be used only in connection with this

3  proceeding, and not for any other purpose.  Such information may not be disclosed

4  to anyone except as provided in this Protective Order.

5       4.     Any party or non-party wishing to come within the provisions of this

6  Protective Order may designate in writing the documents (as defined in Fed. R. Civ.

7  P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers confidential at the

8  time the documents are produced.  Each page of the document must be marked

9  "Confidential" or "Outside Counsel Only" by the producing party, and any

10  confidential documents exchanged prior to this Protective Order being entered by

11  the Court shall, within a reasonable time hereafter, be so marked on each such page,

12  if such markings do not include every such page.  It is the intent of the parties that

13  each document previously designated as Protected Information and transmitted to

14  the respective other party, including any such documents and information

15  exchanged for settlement purposes, are to be covered by this Protective Order.

16  Protected Information that cannot be reasonably labeled pursuant to this paragraph

17  shall be so designated by the producing party by informing the receiving party in

18  writing.

19       5.     In the instance of deposition testimony, the witness under deposition or

20  his counsel shall invoke the provisions of this Protective Order in a timely manner

21  and designate the level of restriction.  During the deposition, parties shall be

22  excluded from testimony designated "Outside Counsel Only."  The witness under

23  deposition or his counsel shall have the right, within fifteen calendar days of

24  receiving a transcript of the deposition, to designate, or change, the confidentiality

25  designation of the transcript or portions thereof.  During the time between receipt of

26  the deposition transcript and any post-deposition confidentiality designation or

27  expiration of the fifteen-day period, whichever occurs first, the deposition transcript

28  shall be treated as if it is designated "Outside Counsel Only."  For depositions

containing some Protected Information and some non- Protected Information, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter.  Counsel for the party asserting that certain documents or testimony is Protected Information shall endeavor to characterize the level of confidentiality for the confidential material or testimony during the deposition.

6.     Unless otherwise ordered by the Court or permitted in writing by the designating party, any documents, discovery responses or deposition transcripts stamped or marked "Outside Counsel Only," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Outside Counsel Only" may be made available only to:

a.     Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

b.     Judges, law clerks and other personnel of the Court before which this proceeding is pending;

c.     Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party seven calendar days prior to disclosure to such expert;

d.     Court reporters and their staff that are required to transcribe testimony; and

e.     Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

f.     Any person who is identified on the face of any designated "Outside Counsel Only" material as an author or recipient thereof; and

g.     Any person who is determined to have been an author and/or previous recipient of "Outside Counsel Only" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "Outside Counsel Only" designated material by such person.

Notwithstanding the provisions of Paragraph 6, specifically identified information, documents, testimony, or other confidential materials marked "Outside Counsel Only" may be disclosed to principals (including individual parties) or general counsel of the receiving party on a need to know basis.  The parties recognize that the disclosure of such confidential material to the principals or general counsel of the parties may be critical to the ability to proceed in this case and analyze and participate in settlement discussions.

7.    Unless otherwise ordered by the Court or permitted in writing by the designating party, any documents, discovery responses or deposition transcripts stamped "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

a.    Representatives of the parties on a need to know basis;

b.    Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

c.    Judges, law clerks and other personnel of the Court before which this proceeding is pending;

d.    Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party seven calendar days prior to disclosure to such expert;

e.    Court reporters and their staff that are required to transcribe testimony;

f.    Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

g.    Any person who is identified on the face of any designated "Confidential" material as an author or recipient thereof; and

h.    Any person who is determined to have been an author and/or

previous recipient of "Confidential" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "Confidential" designated material by such person;

8.      Written notice of intention to provide information or documents to experts pursuant to Paragraphs 6(c) and 7(d), shall be provided by facsimile or email seven calendar days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, and that person's occupation and employer.  If there is a written objection within the seven-day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents, but shall have the right to bring the dispute before the Court for resolution.  The parties shall not unreasonably object to the disclosure of information and documents to experts pursuant to Paragraph 6(c) and 7(d).  The party objecting to the disclosure shall have the burden of showing why the information or documents should not be disclosed to the identified expert. The parties further agree that an expert whose identity is disclosed pursuant to this paragraph cannot be deposed regarding any subject related to this litigation, unless the expert has been designated as a testifying expert by the retaining party, and then in a manner consistent with the Federal Rules of Civil Procedure governing expert discovery.

9.      For purposes of this Protective Order, an expert witness shall not be deemed to be "independent" if he is (a) a party to this litigation, or an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; or (b) an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a direct competitor to a party to this litigation, or the competitor's parent, subsidiary, predecessor-in-

1 | interest, successor-in-interest, related entity or affiliate.

2 |       10.    Each person identified in Paragraphs 6(c), 7(a), or 7(d) permitted by the

3 | parties or their counsel to have access to designated information or documents under

4 | the terms of this Protective Order shall, prior to being given such access, be

5 | provided with a copy of this Protective Order for review.  Upon receiving this

6 | Protective Order, each person shall sign a statement in the form of **Exhibit A** hereto

7 | indicating that he or she has read the Protective Order and agrees to comply with its

8 | terms.

9 |       11.    The restrictions set forth in this Protective Order shall not apply to

10 | information that is known to the receiving party or the public before the date of its

11 | transmission to the receiving party, or which becomes known to the public after the

12 | date of its transmission to the receiving party, provided that such information does

13 | not become publicly known by any act or omission of the receiving party, its

14 | employees, or its agents that would be in violation of this Protective Order.

15 |       12.    If, in connection with this action, a producing party inadvertently

16 | discloses information subject to a claim of attorney-client privilege, work product

17 | immunity, or any other protection provided under the law ("Inadvertently Disclosed

18 | Privileged Information"), the disclosure of the Inadvertently Disclosed Privileged

19 | Information will not constitute or be deemed a waiver or forfeiture of any claim of

20 | privilege, work product immunity, or any other protection that the producing party

21 | would otherwise be entitled to assert with respect to the Inadvertently Disclosed

22 | Privileged Information and its subject matter.  If a claim of inadvertent disclosure is

23 | made by a producing party with respect to Inadvertently Disclosed Privileged

24 | Information, the receiving party: (a) will, within five (5) business days, return or

25 | destroy all copies of the Inadvertently Disclosed Privileged Information and certify

26 | that all such Inadvertently Disclosed Privileged Information has been returned or

27 | destroyed; and (b) must take reasonable steps to retrieve the information if the

28 | receiving party disclosed it before being notified by the producing party.

-7-

13.     Any document or evidence that is designated as Protected Information and that a party wishes to file with the Court shall be presented to the Court along with a written application and proposed order for filing under seal according to the procedures set forth in Local Civil Rule 79-5.1.  Furthermore, any such document or evidence so presented to the Court shall be placed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the instant action, and a statement substantially in following form:

CONFIDENTIAL

This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order.

Any other party shall be permitted to file a supporting or supplemental brief within four business days of the initial motion for filing under seal being filed.  All papers and filings with the Court that refer or rely upon any document or evidence filed under seal shall designate the particular aspects that are confidential.

14.     If, at any time during the preparation for trial, any party believes that any other party or non-party has improperly designated certain information as Privileged Information or believes that it is necessary to disclose Privileged Information to persons other than those permitted by this Protective Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Protective Order or be available to specified other persons.  It shall be the burden of the party that makes the designation to demonstrate that the material or information at issue was properly designated.  It shall be the burden of the party seeking the disclosure to persons other than those designated in this Protective Order to show that such disclosure is necessary.

15.     In the event that a party is served with a discovery request, subpoena, or order by any person, firm, corporation, or other entity that is not a party to this

-8-

action, is not a signatory to this Protective Order or otherwise is not bound by this Protective Order, that seeks to compel production of Protected Information, the party upon whom the discovery request, subpoena, or order is served shall give written notice of the discovery request, subpoena, or order to the party that has asserted that the information or documents subject to the subpoena are Protected Information.  The written notice required by this paragraph shall be given no later than ten calendar days after receipt of the discovery request, subpoena, or order or before the production date fixed by the applicable discovery rule, subpoena, or order, whichever is earlier.  The party who designated the subject information or documents as Protected Information shall have the responsibility to obtain an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents.  If such a motion is filed before the requested production date, the party upon whom the discovery request, subpoena, or order was served shall not produce the subject information or documents requested in the discovery request, subpoena, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order.  If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the discovery request, subpoena, or order was served shall comply with the order.  If no motion to quash or motion for protective order is filed before the scheduled production date fixed by the applicable discovery rule, subpoena, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the discovery request, subpoena, or order was served may comply with the same without being deemed to have violated this Protective Order.

16.     A copy of this Protective Order must be served with all discovery requests served on third parties to this litigation, including without limitation, subpoenas under Rule 45 of the Federal Rules of Civil Procedure.

17.     The Protective Order may be modified only in writing by the parties

1  and approved by an order of the Court, or by motion to the Court.

2        18.    This Protective Order shall in no way affect or govern the use of

3  Protected Information at trial.  Any concerns regarding confidential information and

4  procedures to be used at trial with respect thereto should be raised by the concerned

5  parties at or prior to the final Pretrial Conference and addressed by the Court.

6        19.    Within sixty (60) days of final termination of this proceeding, including

7  all appeals, unless the attorneys of record otherwise agree in writing, each party

8  shall:  (a) assemble and return all Protected Information, including copies, to the

9  person(s) and entity(ies) from whom the material was obtained; or (b) destroy all

10  Protected Information and provide the other party with written certification that such

11  destruction was made.  The attorney of record may retain one archival copy of any

12  designated materials, to be kept confidentially, and retain all copies of designated

13  materials containing attorney work product information.

14        20.    In the event any party discloses material containing Protected

15  Information, but that such party inadvertently did not designate as "Confidential" or

16  "Outside Counsel Only," the receiving party agrees, upon request by the disclosing

17  party, to return the un-designated material promptly, for reproduction by the

18  disclosing party with the appropriate confidentiality, or to mark the material directly

19  with the confidentiality designation requested by the disclosing party.

20        21.    This Protective Order shall not prejudice the right of any party or non-

21  party to oppose production of any information on the ground of attorney-client

22  privilege, work product immunity, or any other protection provided under the law.

23        Ordered this  19th  day of  March, 2014.

24

25  _____

26  UNITED STATES MAGISTRATE
    JUDGE

27

28

1    [Proposed] Order respectfully submitted by:

2                                  SHEPPARD, MULLIN, RICHTER &
                                   HAMPTON  LLP
3

4
5    Dated:  March 17, 2014          By _____ /s/ Jill M. Pietrini _____
                                              JILL M. PIETRINI
6

7                                     Attorneys for Plaintiff
                                      *Summit Entertainment, LLC*
8

9    SCHWARCZ, RIMBERG, BOYD & RADER LLP

10
11   Dated:  March 17, 2014          By _____ /s/ Jeff D. Neiderman _____
                                              JEFF D. NEIDERMAN
12

13                                    Attorneys for Defendants
                                      *Preferred Fragrance, Inc. and Ezriel Polatsek*
14

15   EPSTEIN TURNER WEISS LLP

16
17   Dated:  March 17, 2014          By _____ /s/ Michael R. Weiss _____
                                              MICHAEL R. WEISS
18

19                                    Attorneys for Cross-Defendant
                                      *Fragrance Acquisitions, LLC*
20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## <u>CONFIDENTIALITY AGREEMENT FOR OTHERS</u>

1.      I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Outside Counsel Only" within the terms of the Protective Order entered in the U.S. District Court, Central District of California, case entitled *Summit Entertainment, LLC v. Preferred Fragrance, Inc., et al.*, Case No. 2:13-cv-04310-CAS-AJW.

2.      I have read the aforementioned Protective Order, and agree to be bound by it.

3.      I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

Dated:_____

Name:_____

SMRH:415860136.2