SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JILL M. PIETRINI (Cal. Bar No. 138335)
  jpietrini@sheppardmullin.com
PAUL A. BOST (Cal. Bar No. 261531)
  pbost@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:  (310) 228-3700
Facsimile:  (310) 228-3701

Attorneys for Plaintiff
SUMMIT ENTERTAINMENT, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PREFERRED FRAGRANCE, INC., a New York Corporation, FRAGRANCE ACQUISITIONS, LLC, a Delaware limited liability company, EZRIEL POLATSEK, an individual, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS. | Case No. 2:13-cv-04310-CAS-AJW<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS PREFERRED FRAGRANCE, INC. AND EZRIEL POLATSEK** |

IT IS HEREBY STIPULATED by and between plaintiff Summit Entertainment, LLC ("Summit") and defendants Preferred Fragrance, Inc. ("Preferred Fragrance") and Ezriel Polatsek (collectively, "Defendants") that a Judgment shall be entered to fully and finally dispose of this action as to Defendants, and that the Judgment be entered against Defendants as follows:

WHEREAS, Summit is the producer and distributor of the motion picture *Twilight* and its sequels *The Twilight Saga:  New Moon*, *The Twilight Saga:*

-1-

*Eclipse*, *The Twilight Saga: Breaking Dawn – Part 1*, and *The Twilight Saga: Breaking Dawn – Part 2* (collectively, the "*Twilight* Motion Pictures");

WHEREAS, Summit is the owner of all right, title, and interest in certain intellectual property rights – including trademarks, copyrights, and trade dress rights – related to and/or derived from the *Twilight* Motion Pictures (the "*Twilight* Intellectual Property"), including the federally registered TWILIGHT, stylized TWILIGHT (as depicted immediately below), and NEW MOON trademarks used on and/or in conjunction with a variety of goods and services (the "TWILIGHT and NEW MOON Marks"), as well as other trademarks, copyrights, and protectable trade dress:

twilight

WHEREAS, on December 4, 2013, the Court deemed filed Summit's First Amended Complaint [Docket No. 28], through which Summit sought damages and injunctive relief against Defendants for false designation of origin, trademark infringement, trademark dilution, and unfair competition. Summit alleged that Defendants' sale of eau de parfum and related products under the MOONLIGHT trademark infringed Summit's rights in the TWILIGHT and NEW MOON Marks;

WHEREAS, Defendants deny all wrongdoing alleged by Summit in the First Amended Complaint;

WHEREAS, Summit and Defendants, without any admission of liability on the part of Defendants, have entered into a Confidential Settlement Agreement dated June 2, 2014 (the "Agreement") with the mutual intention of resolving all disputes between them which arise from the allegations of the First Amended Complaint; and

WHEREAS, this Court has jurisdiction over the subject matter of this controversy pursuant to 15 U.S.C. § 1121(a) , 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1338(b);

THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:

1. <u>Permanent Injunction</u>. Defendants and, as applicable, their past and present officers, directors, servants, employees, representatives, successors and assigns (other than Fragrance Acquisitions, LLC), attorneys and agents, and all persons in active concert or participation with Defendants or with any of the foregoing, hereby agree to permanently refrain from:

(a) Manufacturing, transporting, promoting, importing, advertising, marketing, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the TWILIGHT and NEW MOON Marks or any other mark, name, symbol, design, logo, image, or trade dress that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendants caused to enter the stream of commerce are sponsored, licensed, or authorized by Summit, or are connected, associated, or affiliated with Summit or the *Twilight* Motion Pictures;

(b) Manufacturing, transporting, promoting, importing, advertising, marketing, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the TWILIGHT and NEW MOON Marks or any other mark, name, symbol, design, or logo that is confusingly similar to or a reproduction, counterfeit, copy, or colorable imitation of, or incorporates, the TWILIGHT and NEW MOON Marks;

(c) Implying Summit's endorsement of any of Defendants' commercial activities, Defendants' goods or services, or Defendants' business, and representing that Summit has endorsed, sponsored, licensed, or approved, or is affiliated or associated with Defendants or Defendants' products or that Defendants' products are affiliated, associated, or connected with the *Twilight* Motion Pictures;

(d) Seeking to register any of the TWILIGHT and NEW MOON Marks or any other mark, name, symbol, design, logo, image, or trade dress which is likely to cause confusion or to cause mistake or to deceive persons into the

erroneous belief that the businesses, goods, or services of Defendants are sponsored or endorsed or authorized by Summit or are connected or affiliated in some way with Summit or the *Twilight* Motion Pictures;

      (e)    Engaging in any act which is likely to dilute the distinctive quality of the TWILIGHT and NEW MOON Marks and/or injures Summit's business reputation; and

      (f)    Knowingly assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in sub-paragraphs (a) through (e), inclusive, above.

    2.    <u>Destruction and Removal of Infringing Products</u>.  Within ten (10) court days of the effective date of the Agreement, Defendants shall, to the extent they have any of the following materials and media in their possession, custody, or control:  (a) destroy all labels, tags, packaging, boxes, advertising materials, marketing materials, and any other physical objects in their possession, custody, or control bearing the MOONLIGHT mark or any other intellectual property associated with the *Twilight* Motion Pictures; and (b) delete or alter all electronic media under their control (including, without limitation, web pages, electronic tags, and metatags) so as to remove all uses of the MOONLIGHT mark or any other intellectual property associated with the *Twilight* Motion Pictures.

    3.    <u>Proof of Compliance</u>. Within fourteen (14) court days of the Court's entry of the Judgment, Defendants shall serve upon Summit a declaration under the penalty of perjury that it has complied with the terms of the Agreement and the Judgment, including the measures described in Paragraph 2 above.

    4.    <u>No Admission of Liability</u>.  Defendants do not admit liability for or the validity of any of Summit's claims alleged in the First Amended Complaint, and this Judgment shall not be interpreted as an admission or a determination of wrongful or unlawful conduct by Defendants.

    5.    <u>Attorneys' Fees and Costs</u>.  Each party shall bear its own attorneys'

fees and costs arising out of, related to, or incurred in this action, except as provided herein and in the Agreement.

      6.    <u>Violation of Judgment – Contempt of Court</u>. In the event that any part of this Judgment or the obligations set forth in Paragraph 7 of the Agreement are violated by Defendants, or by any of its present or former officers, directors, agents, servants, employees, or representatives, or by any person in active concert and participation with Defendants that receive notice of this Judgment, Summit may file and serve a motion for contempt seeking damages, attorneys' fees, expert witness fees, and/or other appropriate relief.

      7.    <u>Violation of Judgment -- Prevailing Party Fees and Costs</u>. In an action or proceeding based upon an allegation that a party has violated this Judgment, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees, expert witness fees, and other costs incurred in connection with the action or proceeding. This paragraph shall not be construed to limit any party's rights, remedies or procedural options.

      8.    <u>Binding Effect</u>. This Judgment shall be binding upon and inure to the benefit of the parties and all successors and assigns (other than Fragrance Acquisitions, LLC), officers, directors, members, agents, and other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Judgment by personal service or otherwise.

      9.    <u>Continuing Jurisdiction</u>. This Court shall retain jurisdiction to enforce this Judgment and the Agreement.

      10.    <u>No Territorial Limit</u>. This Judgment shall be enforceable against Defendants for any acts that violate this Judgment that occur inside and/or outside of the United States of America.

      11.    <u>Final Judgment</u>. This Judgment shall be a final adjudication of all claims alleged or which, limited to the sales reports disclosed by Defendants to Summit, could have been alleged by Summit in this action against Defendants, and

the parties stipulate that this Judgment is not appealable.

SO ORDERED.

Date: June 4, 2014

*Christina A. Snyder*
United States District Court Judge

Approved as to content and form:

SUMMIT ENTERTAINMENT, LLC
Plaintiff

By: /s/ _____  Date: 6/3/14
Name: David L. Friedman
Title: EVP & General Counsel


PREFERRED FRAGRANCE, INC.
Defendant

By: /s/ _____  Date: 6-2-14
Name: _____
Title: _____


EZRIEL POLATSEK
Defendant

By: /s/ _____  Date: 6-2-14

Approved as to form:

SHEPPARD MULLIN RICHTER HAMPTON, LLP

By: _____  Date: _____
Jill M. Pietrini
Attorneys for Plaintiff
Summit Entertainment, LLC


SCHWARCZ, RIMBERG, BOYD & RADER, LLP

By: /s/ _____  Date: 6/2/14
Jeff D. Neiderman
Attorneys for Defendants
Preferred Fragrance, Inc. and Ezriel Polatsek

SMRH:423686492.1

-7-

*Approved as to content and form:*

SUMMIT ENTERTAINMENT, LLC
*Plaintiff*

By:_____ Date: _____
Name:_____
Title:_____

PREFERRED FRAGRANCE, INC.
*Defendant*

By:_____ Date: _____
Name:_____
Title:_____

EZRIEL POLATSEK
*Defendant*

By:_____ Date: _____

*Approved as to form:*

SHEPPARD MULLIN RICHTER HAMPTON, LLP

By: /s/Jill M. Pietrini   Date: June 3, 2014
 Jill M. Pietrini
 *Attorneys for Plaintiff*
 Summit Entertainment, LLC

SCHWARCZ, RIMBERG, BOYD & RADER, LLP

By:_____ Date: _____
 Jeff D. Neiderman
 *Attorneys for Defendants*
 Preferred Fragrance, Inc. and Ezriel Polatsek

SMRH:423686492.1